## North & South Rolling Stock Co. v. Harry E. Nowland, Adm'r of Henry O'Hara.

INTEREST—*When Not Recoverable.*—Interest is not recoverable upon a contract in which no rate is named or time of payment specified, and the evidence fails to show that any claim or demand was ever made for the money claimed.

Assumpsit, breach of a written contract.  Error to City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.  Heard in this court at the August term, 1897.  Reversed and remanded.  Opinion filed March 1, 1898.

LUKE H. HITE and WISE & McNULTY, attorneys for plaintiff in error.

M. MILLARD, attorney for defendant in error; G. A. KOERNER, of counsel.

MR. JUSTICE WORTHINGTON DELIVERED THE OPINION OF THE COURT.

This is an action brought to recover $1,752 and interest thereon at six per cent from the first day of February, 1888. Judgment was obtained for $2,620.28, being for the principal and interest at said rate as claimed. No demand for the payment of said $1,752 was made until December 23, 1895. The claim is based upon the following stipulation contained in a written contract made between the parties to this action, bearing date, February 1, 1888:

"The party of the second part shall allow on its books to the credit of the party of the first part (O'Hara, defendant in error) the sum of $1,752 as interest on the rolling stock herein described, which is allowed to said party of the first part in consideration of his putting in said rolling stock at cost to the party of the second part (plaintiff in error) and allowing said second party the mileage earned during the same period of time, as hereinbefore stated."

This case was tried by agreement, together with another case against plaintiff in error, by defendant in error, in which judgment was rendered for $60,639.70. In this latter case, decided by this court at this term, the contract in full is set out, and reference is hereby made to it for the full terms of the written agreement. (See *ante.*)

It will be seen that no rate of interest and no time of payment is specified in the stipulation above cited. The evidence fails to show that any claim or demand

of payment was ever made for the $1,752 from February 1, 1888, up to December 23, 1895, a period of nearly eight years.

The contract of February 1, 1888, also contained the following stipulation:

"It is further agreed that said party of the first part (O'Hara) shall allow to said party of the second part (plaintiff in error) to be charged to him on its books, the sum of $7,690.10, which amount is full amount of mileage earned on all that part of the rolling stock running up to November 30, 1887, and said amount shall also be allowed as part of the purchase money, and a credit on said rolling stock."

We think a fair construction of the contract does not warrant a charge of interest upon the $1,752 from February 1, 1888, and that this was the construction given to the contract by the parties themselves, from February 1, 1888, up to the time of the demand, December 23, 1895.

The agreement between the parties provided for the purchase of certain cars, within ten years from February 1, 1888. It provided also for charges and credits on account between the parties. There was no credit of $1,752 in the nature of a struck balance due defendant in error, for there was also a charge of the same date against defendant in error of $7,690.60.

The judgment of the court below is reversed and the case remanded.